STATE, EX REL. ALBERT P. ARNOLD, v. FREEHOLDERS OF
CUMBERLAND.

Argued February 28, 1905—Decided June 12, 1905.

1. A signature to a petition for the improvement of a road, under the
act of 1903 (*Pamph. L.*, *p.* 145), must be in the name of the
owner of the land. A signature by a husband of his own name,
when the land belongs to his wife, cannot be counted, although
the wife subsequently ratifies his act.
2. The signature of the owner of an undivided share of land cannot
be counted.

On rule to show cause why a *mandamus* should not issue.

Before Justices DIXON, GARRISON and SWAYZE.

For the relator, *Herbert C. Bartlett.*

For the defendant, *Samuel Iredell* and *Walter H. Bacon.*

The opinion of the court was delivered by

SWAYZE, J. This is a rule to show cause why a *mandamus* should not issue commanding the chosen freeholders of Cumberland to take the necessary steps for the building and improving of a road pursuant to the act of April 1st, 1903. The only question necessary to consider is whether the petition for the road had the signatures of owners of the frontage required by the statute.

The total frontage along the road is three thousand four hundred and thirteen and thirty-two hundredths rods; two-thirds is two thousand two hundred and seventy-five and fifty-five hundredths rods. The petition purports to be signed by the owners of two thousand six hundred and twenty and one-half rods. Some of the petitioners did not own as much frontage as the petition states. We find that at least one hundred and forty and one-tenth rods must be deducted on this account. Some of the petitioners owned no land, the title being in the wife, sister or mother. The frontage thus owned is four hundred and twenty-eight rods. It is said that the action of the petitioner was ratified afterward by the owner of the land, but this does not suffice. The statute requires that the road be petitioned for by the *owners* of two-thirds of the lineal feet. This, at least, requires that the names attached to the petition should be the names of the owners, not of a husband, a brother or a son. The subsequent ratification could not change the names signed to the petition, and those names in the instances referred to were not the names of owners. Some of the petitioners owned only an undivided interest in the land for which they signed. This is not a compliance with the statute. The

owners of the other undivided interests may be opposed to the improvement. Two hundred and sixteen rods must be deducted for this reason.

After these deductions, it appears that the petition was signed by the owners of less than two-thirds of the lineal feet along the road, and the board of chosen freeholders was not obliged by the statute to cause the improvement to be made.

The rule to show cause must be discharged, with costs.